FORET, Judge.
Plaintiffs, Bradford E. Kile and the legal partnership of Baker and McKenzie, filed suit in the district court for the Parish of Jefferson seeking to recover money due on a check issued by defendant, A.J. Plai-sance. Defendant filed several preliminary motions, including: a peremptory exception of no right of action, a dilatory exception of vagueness, a declinatory exception of improper venue, and a motion to strike. The Jefferson Parish District Court granted the declinatory exception of improper venue and transferred the case to Lafayette Parish. The district court for Lafayette Parish considered, prior to trial, the other motions filed by defendant. The court rejected all but the dilatory motion of vagueness. In sustaining this motion, the trial court ordered plaintiffs to provide defendant with two exhibits. Subsequently, defendant filed a motion for dismissal based on plaintiffs’ failure to comply with this order, which motion was denied by the trial court. After trial on the merits, the court rendered judgment in favor of plaintiffs for $5,729.16, with judicial interest from date of judicial demand, but denied a request by plaintiffs for attorney’s fees. Defendant appealed.[1]
Defendant’s appeal raises several issues:
(1) Whether the trial court erred in failing to dismiss the suit because of plaintiff’s failure to provide the exhibits as ordered by the court;
(2) Whether the trial court erred in overruling defendant’s exception of no right of action;
(3) Whether the court erred in finding that a subpoena duces tecum served on plaintiff, Baker & McKenzie, had been satisfactorily returned; and
(4) Whether the trial court was clearly wrong in concluding that plaintiffs had established a factual basis for their demand.
FACTS
Defendant, A.J. Plaisance, an attorney practicing law in Lafayette, Louisiana, hired plaintiffs, Bradford E. Kile and the legal partnership of Baker & McKenzie, to write a Supreme Court brief and apply for writs to the U.S. Supreme Court in two maritime cases. Plaintiffs billed defendant for the work done and an invoice sent to defendant showed the final balance due as $13,729.16. On or about January 8, 1980, defendant sent a check to plaintiffs, made out to plaintiff Kile, in the amount of $13,-729.16. This check was negotiated and apparently deposited in plaintiff partnership’s bank account. Eventually, it was returned stamped N.S.F., indicating insufficient funds in defendant’s bank account to cover the amount of the check. Defendant’s bank statement showed that, in fact, his bank had originally debited his account for the amount but then, several days later, credited this amount to his checking account.
Sometime before the filing of suit, $8,000 was paid on account toward the amount due on the check[2]. After repeated attempts to collect the money due from defendant, plaintiffs filed suit seeking to collect the amount still due on the check.
DEFENDANT’S MOTION TO DISMISS
In sustaining defendant’s exception of vagueness, the trial court ordered plaintiffs to provide defendant, within sixty days, with two exhibits: the check issued by defendant to plaintiffs and a bank charge issued by the bank of plaintiff partnership showing that a check drawn on Merchants Bank (defendant’s bank) for $13,729.16 had been returned unpaid. Pri- or to trial, defendant filed a motion to dismiss based on plaintiffs’ failure to timely comply with this order. The trial court *292 denied defendant’s motion. In so doing, the trial court acted properly.
Although it does appear that defendant was not given an opportunity to see the original exhibits until shortly before trial, it is not clear that he was not, in fact, provided with copies of these exhibits by plaintiffs’ attorney sometime before trial. What is clear, is that defendant did have access to copies of these exhibits well in advance of trial. There is no claim that there was any variance between the copies and the originals defendant had in his possession. Defendant neither shows nor claims any prejudice resulting from any alleged failure of plaintiffs to provide the exhibits.
NO RIGHT OF ACTION
Defendant contends that plaintiff, Bradford E. Kile, had no right of action. Defendant’s basis for this contention is an allegation in plaintiffs’ petition which alleged that the legal partnership of Baker & McKenzie was owner and holder in due course of the negotiable instrument sued upon. Defendant argues that plaintiff Kile had no right-to sue on a check which had been negotiated by him. Defendant then asserts that since plaintiff Kile had no right of action, the entire suit should be dismissed.
Defendant’s argument is flawed in several respects.
Although the petition filed in this matter clearly set forth an action to collect on a negotiable instrument, at trial, considerable evidence regarding the underlying obligation was presented. No objection was interposed to this evidence and as a result, the pleadings were expanded to include a contractual claim by plaintiff Kile for money due for services he had performed. Moreover, even if defendant’s exception was well taken and plaintiff Kile had no right of action, a contention with which we do not agree, the result would not be the dismissal of the entire suit but only the dismissal of plaintiff Kile. Plaintiff Baker & McKenzie would still be entitled to judgment for money due on the instrument. In such a case, defendant would suffer no prejudice as a result of the retention of plaintiff Kile as a party to the suit.
SUBPOENA DUCES TECUM
Defendant issued a subpoena duces tecum ordering that someone other than plaintiff Kile produce the business records of plaintiff Baker & McKenzie. In response to this subpoena, plaintiff Kile produced the requested records. The trial court held that the subpoena had been satisfactorily complied with. Defendant contends that the trial court erred in so ruling.
LSA-C.C.P. art. 1354 gives the court discretion to vacate or modify a subpoena duces tecum if it is unreasonably oppressive. Plaintiff Baker & McKenzie is a legal partnership with an office in Washington, D.C. Requiring that someone other than plaintiff Kile produce Baker & McKenzie’s business records would have inflicted considerable costs and inconvenience on plaintiff partnership. Absent some justification, defendant’s request that someone other than Kile produce the records was unreasonably oppressive. The only justification which defendant has put forth is that entries in the business records were not actually made by plaintiff Kile but were made by his then partner, Charles Gholz, who has since left the partnership. Art. 1354 provides that a subpoena may order a person to produce documents such as those under consideration when those documents are in his possession or under his control. At the time of trial, the documents were in the possession and under the control of plaintiff Kile. They were no longer in the possession or under the control of his former law partner, Charles Gholz and, accordingly, Charles Gholz could not have been subpoenaed to produce them. Defendant did not specify anyone in particular in the subpoena and, under the circumstances, his attempt to exclude Kile was without justification. The trial court’s decision that the subpoena duces tecum had been sufficiently complied with was correct.
*293 TRIAL COURT’S FACTUAL FINDINGS
In his brief, defendant takes issue with several of the trial court’s factual findings. We have reviewed the record and find that it supports the trial court’s findings. There is no doubt that plaintiffs proved, by a preponderance of the evidence, that defendant was indebted to them for the unpaid balance of the check.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are to be paid by defendant-appellant.
AFFIRMED.

. Plaintiffs appellate brief asks for damages for a frivolous appeal, but plaintiff did not answer the appeal asking for such damages. Thus, we cannot consider same.

. |6,000 of this amount was paid by another Louisiana attorney who had provided representation in one of the maritime cases for which plaintiffs had written briefs and applied for writs.